Filed 7/11/16  P. v. Bonser CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C080506 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF15-331) |
| v. | |
| MICHAEL SHAWN BONSER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Shawn Bonser has filed an opening brief that sets forth the factual and procedural history of this case and asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  While we find no arguable error that would result in a disposition more favorable to defendant, we note a clerical error on the abstract of judgment and will order that corrected.  We otherwise affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant was charged by criminal complaint with felony assault with a deadly weapon, a baseball bat (Pen. Code, § 245, subd. (a)(1)—count 1)[1] and misdemeanor brandishing a weapon (§ 417, subd. (a)(1)—count 2).

Defendant entered a plea of no contest to count 1 in exchange for a stipulated low-term sentence of two years in state prison and dismissal of count 2. Defendant also agreed to a *Cruz*[2] waiver allowing him to be released on his own recognizance until sentencing subject to the conditions that he not violate any laws, timely report to probation, make and keep appointments with his probation officer, and timely appear in court for all scheduled hearings. The factual basis to substantiate the plea is as follows: On June 15, 2015, defendant assaulted Jose R. with a baseball bat, as set forth in Yuba County Sheriff's report No. 15-2570.

Defendant failed to appear for the sentencing hearing on August 26, 2015. The trial court issued a warrant for his arrest. Defendant appeared later that day and was placed on the court's walk-in calendar for the following day.

Defendant appeared in court on August 27, 2015. The trial court remanded him into custody and continued sentencing to August 31, 2015.

At the continued sentencing hearing on August 31, 2015, after finding defendant violated his *Cruz* waiver, the trial court denied probation and sentenced defendant to the low term of two years in state prison consistent with his plea agreement. Count 2 was dismissed in the interest of justice. The court awarded defendant 29 days of presentence custody credit (15 actual days plus 14 days of conduct credit) and imposed the following fees and fines: a $300 restitution fine (§ 1202.4, subd. (b)); a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45); a $40 court operations

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

2

assessment (§ 1465.8, subd. (a)(1)); and a $30 criminal conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause. (§ 1237.5, subd. (b).)

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we note a clerical error on the abstract of judgment in that the statutory charge for count 1 indicates section 245, *subdivision* "(e)(1)," which should be *subdivision* (a)(1). We will order that corrected.

## DISPOSITION

The trial court is directed to correct the clerical error on the abstract of judgment as discussed herein, and to send a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

            BUTZ          , Acting P. J.

We concur:

     MURRAY       , J.

     DUARTE       , J.